UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | |
|---|---|
| **DAVID GORDON OPPENHEIMER,** § § § **Plaintiff** § § **v.** § § **HIGHLAND FALLS COUNTRY CLUB,** § **INC.** § § § **Defendant** § | CA 1-24-cv-133-MR <br><br> JURY DEMANDED |

**PLAINTIFF'S FIRST AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT AND FOR VIOLATIONS OF THE DIGITAL MILLENNIUM COPYRIGHT ACT**

Plaintiff, **David Gordon Oppenheimer** ("Oppenheimer" or "Plaintiff"), for his Amended Complaint against Defendants, **Highlands Falls Country Club, Inc. ("HFCC" or "Defendant")**, alleges:

## I.
## JURISDICTION/VENUE

1. Oppenheimer's claims arise under the copyright laws of the United States, 17 U.S.C. 101 *et. seq.*, (hereinafter the Copyright Act.) and 17 U.S.C. 1202 *et. seq.,* (the Digital Millennium Copyright Act hereinafter, "DMCA").

2. Subject matter and personal jurisdiction are vested in this Court pursuant to 28 U.S.C. 1338. Additionally, this Court has subject matter jurisdiction under 28 U.S.C. 1331 inasmuch as this claim arises under the copyright laws of the United States. Venue in this judicial district is proper pursuant to 28 U.S.C. 1400(a) and 28 U.S.C. 1391(b) and (c).

# II.
# THE PARTIES

3. Plaintiff, **David Gordon Oppenheimer** is a citizen of North Carolina engaged in the business of professional photography and resides in and has a principal place of business in Asheville, Buncombe County, North Carolina. Defendant HFCC is a corporation established under the laws of North Carolina doing business at 1 Club Drive, Highlands, North Carolina 28741-0000. HFCC will receive actual notice of this filing by service upon its Registered Agent ORVILLE D COWARD JR., 9 W MAIN STREET, FRANKLIN, NC 28734-3005, or wherever he may be found.

# III.
# INTRODUCTORY FACTS

4. Oppenheimer is a professional photographer, and is the author (photographer) of, and at all times relevant to this claim, has been and is now the sole owner and proprietor of all right, title and interest in and to the copyright in the aerial photograph at issue in this matter (the "Work" **Amended Exhibit 1**).

5. Oppenheimer makes his photographic works available for print sales and licensing online at his website *http://www.performanceimpressions.com*.

6. HFCC operates a private golf club within a private 550-acre gated community comprising of approximately 400 properties, and is located at 1 Club Drive, in Highlands, North Carolina 28741. Membership initiation fees from November 1, 2022 to October 31, 2023 were $75,000 for "*Equity Golf*" and $65,000 for "*Social*" with annual dues being $15,200 and $10,455 respectively in addition to other required fees and purchases.

7. Oppenheimer has complied in all respects with Title 17, U.S.C. § 102, *et seq.*, and all other laws governing federal copyright applicable to the Work and registered the copyright with the Register of Copyrights at the U.S. Copyright Office. Attached hereto as **Exhibit 2** is a true and correct copy of the certificate of registration issued for this Work bearing certificate number VAu 1-156-824, entitled *"Aerial Photographs Taken on October 20, 2013 by David Oppenheimer"* and the Work is on deposit at the U.S. Copyright Office for said registration certificate with the contents title, "*2013Oct20_1b_OPP0063.jpg*" and is identified on page 13 of the copyright registration certificate in **Exhibit 2.**

8. At all relevant times hereto, Oppenheimer was and continues to be the sole owner of all rights, titles, and interests in and to the registration and photographic Work. Oppenheimer's copyright in the above-described Work is presently valid and subsisting, was valid and subsisting from the moment of the Work's creation, and all conditions precedent to the filing of this suit have occurred.

9. For many years, it has been Oppenheimer's custom and business practice to display his copyright management information ("CMI") on his copyright registered photographs when he first published them and thereafter. When published by Oppenheimer, the Work at issue in this case prominently displayed his CMI in the caption, with a facial watermark, and/or embedded in the metadata of the Work. Thus, Defendant was on notice that the Work was copyright protected.

10. Fewer than three (3) years before this filing, Oppenheimer discovered that the Defendant, and/or someone at its direction, infringed his copyright by copying,

Page 3 of 9

Case 1:24-cv-00133-MR   Document 9   Filed 06/04/24   Page 3 of 9

distributing, and/or displaying (or directing others to do so) his protected Work in order to advertise and market its country club business on the following *Universal Resource Locators* ("URLs"):

**Webpage URL:**
    *https://www.clubhfcc.com/Membership*
**Brochure w/Image URL:**
    *https://www.clubhfcc.com/Site_Data/HFCC_Brochure_WebRes_31921.aspx*
    See **Amended Exhibit 3.**

11. Upon information and belief, the Defendant, and/or someone at its direction, located and accessed Oppenheimer's Work at https://www.performanceimpressions.com, then downloaded (or copied) the Work, then intentionally "patched over," "cloned over," cropped, or otherwise obscured Mr. Oppenheimer's facial copyright management information beyond recognition, and removed his CMI from the metadata within the work, and then publicly displayed the same on the World Wide Web, and printed in/on as many as 250 brochures (an unknown number of) which were then "handed-out," all in violation of the Digital Millennium Copyright Act ("DMCA").

12. On or about November 15, 2022, Oppenheimer's attorney sent a formal letter to the Defendant identifying all the known infringing URLs demanding Defendant cease and desist from its ongoing infringement and seeking information about the uses to which the Work had been put, profits received, and the like (**Exhibit 4**).

13. After repeated demands for the Defendant to cease and desist in its infringements, and to resolve Oppenheimer's claims, it became clear that the Defendant is contemptuous of Oppenheimer's copyright, and suit has thus become necessary.

# IV.
# CAUSES OF ACTION

## COUNT I – NON-WILLFUL COPYRIGHT INFRINGEMENT

14. Oppenheimer re-alleges and incorporates paragraphs 1 – 13 above as if recited *verbatim*.

15. Defendant has non-willfully infringed Oppenheimer's copyright in and to the Work shown on **Exhibit 1** by scanning, copying, reproducing, distributing, displaying, publishing, and/or otherwise using, unauthorized copies of said photograph within the United States in violation of Title 17.

16. Upon information and belief, Defendant has benefitted from the infringement of the Work, while Oppenheimer has suffered and will continue to suffer damages, irreparable injury to his business, reputation, and goodwill; therefore, Oppenheimer is entitled to injunctive relief, disgorgement of Defendant's profits attributable to its infringing activities, and other relief set forth in the Copyright Act.

## COUNT II – RECKLESS/WILLFUL COPYRIGHT INFRINGEMENT

17. Oppenheimer re-alleges and incorporates paragraphs 1 – 13 above as if recited *verbatim*.

18. Alternatively, Defendant has recklessly/willfully infringed Oppenheimer's copyright in and to the Work shown on **Exhibit 1** by scanning, copying, reproducing, distributing, displaying, publishing, and/or otherwise using, unauthorized copies of said photograph within the United States in violation of Title 17.

19. As is his pattern and practice, Oppenheimer had clearly marked the Work with notices of copyright and additional CMI — including with a legible facial watermark,

embedded metadata, and/or in and adjacent caption — as well as a "©" notice of copyright, stating that all rights are reserved, providing licensing instructions, Oppenheimer's address, phone number, email, and website URL. Oppenheimer does this to distinguish his works from the works of others in his field, to provide a way for potential licensees to contact him for the purpose of purchasing licenses, as well as to ensure that anyone who merely views his Work appreciates that he is the owner of all rights and title to it.

20. Therefore, because HFCC had the opportunity to appreciate that Oppenheimer was the sole author and owner of the Work, and nevertheless used it without license or authorization, the Defendant is deemed a reckless/willful infringer of the Work.

21. Upon information and belief, Defendant has benefitted from its infringements of the Work, while Oppenheimer has suffered and will continue to suffer damages; therefore, Oppenheimer is entitled to injunctive relief, damages (including disgorgement of Defendants' profits), and other relief set forth in the Act.

**COUNT III - DIGITAL MILLENNIUM COPYRIGHT ACT VIOLATIONS**

22. Oppenheimer re-alleges and incorporates paragraphs 1 – 13 as if fully restated herein.

23. As is his pattern and practice, Oppenheimer had clearly marked the Work with notices of copyright and additional CMI — including with a legible facial watermark, in an adjacent caption, and/or embedded in the Work's metadata — including a "©" notice of copyright, stating that all rights are reserved, licensing instructions, Oppenheimer's address, phone number, email, and website URL. Oppenheimer does this to distinguish his Work from the works of others in his field, to provide a way for potential licensees to

contact him for the purpose of purchasing licenses, as well as to ensure that anyone who merely views his Work appreciates that he is the owner of all rights and title to it.

24. Upon information and belief, one or more of the Defendants, or someone acting at their direction or on their behalf, intentionally removed, cropped-off, and/or "patched over," "cloned over," and/or otherwise obscured Oppenheimer's facial CMI beyond legibility, as well as removing all CMI in the metadata of the Work posted online, in violation of 17 USC § 1202 *et seq*. Upon information and belief, Defendants also printed 250 paper copies of the Work, with each having had Plaintiff's CMI removed, and then individually distributed as many as 100 of the printed copies by U.S. Mail and other methods, each in violation of 17 USC § 1202 *et seq*.

25. Upon information and belief, Defendant knew or had reasonable grounds to know that cropping-off or otherwise removing or obscuring beyond legibility Oppenheimer's CMI from the Work would induce, enable, facilitate, and/or conceal infringements of Oppenheimer's copyright in violation of 17 U.S.C. § 1202(b)(1).

26. Upon information and belief, the Defendant, or someone acting at its direction and/or on its behalf, distributed copies and/or derivatives of the Work knowing that such facial and metadata CMI had been cropped-off or had been otherwise removed or obscured beyond legibility, all without authorization in violation of 17 U.S.C. § 1202(b)(3).

27. Oppenheimer therefore is entitled to statutory damages/penalties from Defendants of not less than $2,500, and not more than $25,000 *for each act committed* in violation of 17 U.S.C. § 1202 *et seq*.

28. Oppenheimer is also entitled to recover his Lodestar costs, including reasonable attorney's fees, pursuant to 17 U.S.C. § 1203(b)(5).

## V.
## RELIEF REQUESTED

**WHEREFORE**, Oppenheimer respectfully requests that the Court enter judgment in its favor and against the Defendant as follows:

A. That Defendant, its agents, employees and/or servants be preliminarily and permanently enjoined from infringing Oppenheimer's copyright in any manner whatsoever and from publishing through any visual media, and from selling, marketing or otherwise distributing any of his images, and from using his images in sales, marketing, and/or advertising;

B. That Defendant provide an accounting of all gains, profits and/or advantages derived by them because of the willful and unlawful acts of copyright infringement above described;

C. That Defendant be ordered to pay over to Oppenheimer his actual damages sustained, in addition to all its profits attributable to the infringements, and which are not considered in computing Oppenheimer's actual damages that have been incurred as a result of Defendant's copyright infringements described herein, pursuant to 17 U.S.C. § 504(b);

D. In the alternative, and at Oppenheimer's election after verdict, that Defendant be ordered to pay maximum statutory damages in the amount $150,000 *for each* Work infringed pursuant to 17 U.S.C. § 504(c), or such other amount as the jury may deem appropriate;

E. That in addition to the above, Defendant be ordered to pay over to Oppenheimer actual damages for each DMCA violation, plus all of Defendants' profits that are attributable to each such violation – which are not considered in computing Oppenheimer's actual damages – pursuant to 17 U.S.C. § 1203(c)(2);

F. That, alternative to actual damages under the DMCA, and at Oppenheimer's election after verdict, Defendant be: 1) ordered to pay to Oppenheimer the maximum statutory damages for each violation of 17 U.S.C. § 1202(b)(1) and (3), as provided by 17 U.S.C. § 1203(c)(3)(B); and 2) permanently enjoined and prohibited from employing, altering, cropping, obscuring, mutilating, or otherwise utilizing Oppenheimer's copyright protected photographs or their copyright management information in any manner or media whatsoever, pursuant to 17 U.S.C. § 1203(b)(1); 1202(b)(1) and (3), and by 17 U.S.C. § 1203(c)(3)(B) for each violation;

G. That Defendant be ordered to pay to Oppenheimer all his Lodestar costs including reasonable attorney's fees pursuant to 17 U.S.C. § 504(c) and § 505 and 17 U.S.C. § 1203(b)(5); *and* for such other and further relief as this court deems just and proper.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES.**

**LEJUNE LAW FIRM**

By: */s/ Dana A. LeJune*
Dana A. LeJune
Texas Bar: 12188250
NC Bar: 49025
**NORTH CAROLINA OFFICE**
7 Orchard Street, Suite 200
Asheville, North Carolina 28801
Ofc: 828-774-5800
dlejune@triallawyers.net