# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL ACTION NO.: 1:24-cv-00133-MR

| | |
|---|---|
| DAVID GORDON OPPENHEIMER, | ) |
| Plaintiff, | ) |
| vs. | ) CONSENT PROTECTIVE ORDER |
| HIGHLAND FALLS COUNTRY CLUB, INC., | ) |
| Defendant. | ) |

Plaintiff and Defendant, pursuant to Federal Rules of Civil Procedure 26(b) and 26(c), anticipating in this case the disclosure of personnel records and information and/or financial information in initial disclosures and in response to discovery requests and recognizing that the private and confidential nature of certain records and information may be safeguarded pursuant to applicable state or federal laws and regulations, hereby consent to disclose said documents and information upon the conditions set forth in this Protective Order, which conditions are consented to by the parties.

**IT IS THEREFORE ORDERED:**

1. That all financial records and records maintained by law or policy in personnel files of either Plaintiff or Defendant, which are produced to any party in the above-captioned case, shall be covered by the terms of this Order.

2. That all documents concerning any confidential settlements of either Plaintiff or Defendant, which are produced to any party in the above-captioned case, shall be covered by the terms of this Order.

3. That any documents referenced above, as well as any other documents which a party claims should be confidential and are produced subject to this Order, shall be labeled by the producing party: "Confidential – Subject to Protective Order." Each party retains the right to challenge the confidential designation of any particular document and to have the Court determine its proper designation. Notwithstanding the "confidential" designation, a party may redact certain sensitive information within a particular document, such as social security numbers and bank account numbers. *See* Fed. R. Civ. P. 5.2. However, a party may not redact any information regarding the name or identity of a potential witness or other legitimately discoverable information. The Protective Order's sealing provisions shall be deemed sufficient to protect any such confidential information.

4. Parties seeking to <u>file or maintain under seal</u> any documents labeled "Confidential" in accordance with the provisions of this Protective Order shall comply with the provisions of LCVR 6.1.

5. Each time a party seeks to file under seal confidential documents, things, and/or information, said party shall accompany the request with a motion to seal and a supporting memorandum of law specifying (a) the exact documents,

things, and/or information, or portions thereof, for which filing under seal is requested; (b) where it is necessary for the court to determine the source of the public's right to access before a request to seal may be evaluated, whether any such request to seal seeks to overcome the common law or the First Amendment presumption to access; (c) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interests in access; (d) the reasons why alternatives to sealing are inadequate; and, (e) whether there is consent to the motion.  Finally, in addition to the motion and supporting memorandum, said party must set out such findings in a proposed order to seal for the court.

6. Except as may be otherwise provided by further order of the Court, protected information and documents designated as confidential ("confidential documents"), as well as the matters contained therein and extracts and summaries thereof, shall be used for no other purpose than prosecuting or defending this action and shall be disclosed only to the persons identified in paragraph seven.

7. Except as provided in paragraph 8, access to or use of protected information or any confidential documents, or any part thereof, as well as matters contained therein, shall be limited to:

a. The Court;

b. The parties and their officers, employees, and agents who are providing assistance to counsel in this action;

c. The attorneys of record for the parties, their associates, assistants, employees, and agents who are providing assistance to counsel in this action;

d. Mediators;

f. Consultants and experts involved in the preparation of the trial of this action;

g. Court reporters, their transcribers, assistants, and employees;

h. Any deponent or trial witness to the extent that it is necessary to tender to such witness a confidential document in order to elicit testimony relevant to the matters at issue in this case; and

i. Members of the jury to the extent that it is necessary for the jury to inspect a confidential document.

8. Absent a court order authorizing disclosure, no one subject to this Order shall make public or disclose protected information or confidential documents to anyone other than the persons listed in paragraph 7, provided that nothing herein shall preclude a witness, attorney, or the Court from reading aloud or discussing the contents of a confidential document in open court or at depositions. The terms of this Order shall apply to all persons listed in paragraph 7, and counsel who grant any

4

such person access to protected information or confidential documents shall have an affirmative duty to furnish the person with a copy of this Order. Individuals permitted access to protected information or confidential documents are hereby ordered not to convey or otherwise reveal said information or documents – whether originals or copies, in whole or in part – to anyone who would not otherwise have access to them under this Order.

9. It is specifically agreed that making confidential materials or documents available for inspection, and the production of confidential information, materials or documents shall not constitute a waiver by the parties of any claim of confidentiality, and the production of such information, materials or documents shall not be considered as an acknowledgment that the information, materials or documents may be admissible into evidence at the trial of this action.

10. Nothing in this Protective Order shall require disclosure of material which the conveying party contends is protected from disclosure by the attorney-client privilege, materials produced in anticipation of litigation, or as constituting attorney work product materials.

11. This Protective Order shall not prevent any party from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders, or from agreeing among themselves to modification of this Protective Order, subject to the approval of the court.

12. **Depositions**. Deposition testimony is protected by this Order only if designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" on the record at the time the testimony is taken. Such designation shall be specific as to the portions of the deposition testimony that contain Confidential Information. Deposition testimony so designated shall be treated as Confidential Information protected by this Order until thirty (30) days after delivery of the transcript by the court reporter to any party or the witness.

(a) Designation of Deposition. Within thirty (30) days after delivery of the transcript or the entry of this Order, whichever is later, a designating party may serve a Notice of Designation to all parties of record identifying the specific portions of the transcript and/or Exhibits that are designated Confidential Information, and thereafter those portions identified in the Notice of Designation shall be protected under the terms of this Order. If a party makes a timely designation pursuant to this Order, the confidential portions of the transcript and exhibits shall be filed under seal separate from the portions of the transcript and exhibits not so marked.

(b) Confidential Exhibits Used During Deposition. A deposing party may, during a deposition, identify a document marked as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" as an exhibit if the deponent has prior knowledge of the Confidential Information contained therein or according to the provisions of paragraph 3(a) of this Order.

13. At the conclusion of this litigation, copies of confidential documents will be retained by counsel in accordance with the Rules of the North Carolina State Bar. Following the required period of retention, counsel shall either destroy or return to opposing counsel all confidential documents or copies of confidential documents that have been produced subject to this Protective Order. The ultimate disposition of protected materials shall be subject to a final order of the Court upon completion of the litigation.

14. Each party shall be responsible for its own mailing costs with regard to the return of the documents provided pursuant to this agreement, or costs of destruction.

**IT IS SO ORDERED.**

Signed: August 16, 2024

Martin Reidinger
Chief United States District Judge

**AGREED TO**:

**LEJUNE LAW FIRM**

By: /s/ Dana LeJune
Dana LeJune
NC Bar No.: 49025
NORTH CAROLINA OFFICE
7 Orchard Street, Suite 200
Asheville, NC 28801
Tel: 828-774-5800
dlejune@triallawyers.net

*Attorney for Plaintiff*

**PETTEY & PARTRICK, LLP**

By: /s/ Jonathan P. Wright
RODNEY E. PETTEY
rpettey@rpsplaw.com
N.C. State Bar No.: 17715
JONATHAN P. WRIGHT
jwright@rpsplaw.com
N.C. State Bar No.: 61178
4800 Falls of Neuse Road, Suite 160
Raleigh, North Carolina 27609
Tel: (919) 719-6019/(919) 719-6003
Fax: (919) 835-0910
*Attorneys for Defendant*