IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL ACTION NO.: 1:24-cv-00133-MR

| | |
|---|---|
| DAVID GORDON OPPENHEIMER, <br><br> Plaintiff, <br><br> vs. <br><br> HIGHLAND FALLS COUNTRY CLUB, INC., <br><br> Defendant | **BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL DISCOVERY** |

Defendant, pursuant to Rule 37 of the Federal Rules of Civil Procedure and Local Rule 7.1, submits this Brief in Support of its Motion to Compel and state as follows:

## NATURE OF THE CASE

Plaintiff has filed a Complaint and Amended Complaint asserting claims against Defendant for copyright infringement and violation of the Digital Millennium Copyright Act ("DMCA") by copying, distributing and displaying of a photograph that was Plaintiff's work. Defendant has denied liability and asserted several affirmative defenses including fair use, no damages and copyright misuse by the Plaintiff.

# FACTS RELEVANT TO THE MOTION

The Amended Complaint generally alleges that Plaintiff, David Gordon Oppenheimer ("Oppenheimer"), is the registered copyright owner of a photographic work (hereinafter the "photo") depicting an aerial view of certain holes on Defendant, Highland Falls Country Club, Inc.'s ("HFCC"), golf course. [DE 9, ¶¶ 4, 6, 7, 8]. Oppenheimer further alleges that HFCC procured the photo from his website, then patched over, cropped, or by some other obstruction method, removed Oppenheimer's facial copyright management information, and displayed it on HFCC's website and in a printed brochure. [DE 9, ¶¶ 10-11].

Oppenheimer alleges that as a result of the use of his photo, he suffered, and continues to suffer, damages, as well as irreparable injury to his business, reputation, and goodwill. [DE 9, ¶ 16, 21]. Oppenheimer further alleges he is entitled to actual damages, or in the alternative, statutory damages and reasonable attorneys' fees under 17 U.S.C. § 504 *et seq.* and 17 U.S.C. § 1202-1203 *et seq.* [DE 9, ¶ 16, 21, 27, 28].

HFCC served interrogatories and requests for production on Oppenheimer on June 27, 2024. Oppenheimer contacted Defense Counsel on July 23, 2024 for an additional 30 days to respond to discovery, which HFCC allowed. Oppenheimer then provided HFCC with discovery responses on August 27, 2024. **[Exhibit A]** In responding to discovery, Plaintiff asserted numerous objections to Defendant's

2

Case 1:24-cv-00133-MR     Document 25     Filed 10/10/24     Page 2 of 14

questions and requests for documents concerning his income derived from his photography business, licensing, and copyright claims or settlements. Defendant further requested Plaintiff's tax returns from 2016 to the present again, seeking information to evaluate the income derived from settlements of similar suits versus his actual photograph business. This is not Plaintiff's first copyright lawsuit as he has been the Plaintiff in at least 128 other cases. Thus, the information sought is relevant to the damages and defenses asserted in this lawsuit.

After reviewing the Plaintiff's discovery responses, Defendant's counsel sent Plaintiff's counsel a letter on September 19, 2024, detailing certain discovery deficiencies and seeking full and complete answers to these deficient responses in ten (10) days. **[Exhibit B]** On Monday, September 30, 2024, Plaintiff's counsel and Defendant's counsel spoke via telephone in an attempt to resolve this dispute. On Wednesday, October 2, 2024, the parties again conferred via telephone in an attempt to resolve the dispute. Finally, counsel for the parties held a final telephone conference on October 9, but Plaintiff still refuses to provide the business records.

The Interrogatories and Requests for Production generally concern Oppenheimer's financial information related to both his photography business and his extensive, associated copyright and DMCA litigation. The discovery deadline for this matter is January 17, 2025 and the dispositive motion deadline is February 14, 2025. The Defendant, therefore, requests an Order compelling Plaintiff to

produce the information in sufficient time for Defendant to complete discovery per the Court's deadlines.

## ARGUMENT

**I. The Litigation History and Business Earnings Information Requested is Relevant.**

The Plaintiff bears the burden of persuasion in opposing a motion to compel and whether to grant the motion to compel is generally with the court's discretion. *Oppenheimer v. Episcopal Communicators, Inc.,* 2020 U.S. Dist. LEXIS 146398, at *22 (W.D.N.C. August 14, 2020).

The information and documents sought through Defendant's Interrogatories and Requests for Production are relevant to Plaintiff's claims, damages, and Defendant's affirmative defenses. Defendant served Interrogatories requesting information concerning Plaintiff's other copyright and DMCA cases and settlements. (Interrogatories 2, 3, 18). Plaintiff responded that other lawsuits "are available through public record services" and then objected as the Interrogatories being overly broad and generally irrelevant. Defendant further sought information for the amount of revenue Plaintiff claimed on his tax returns for his photography business for the last ten years. (Interrogatory 17, **EXHIBIT A, p. 10**). Plaintiff again objected on the grounds that the Interrogatory was overbroad and generally irrelevant.

In addition to the Interrogatories, Defendant served document requests for

4

documents related to his history of asserting copyright infringement claims; documents showing the income his photography business earned for the last seven years; and documents showing the income derived from copyright claims, settlements and verdicts for the last seven years. (RPD 17, 18, 19, **Exhibit A, p. 22-24**). Plaintiff's responses were the same overbroad, unduly burdensome and relevant objections.

Contrary to Plaintiff's objections, similar discovery requests made to Plaintiff in other copyright and DMCA lawsuits, have been found to be relevant and discoverable. *Oppenheimer v. Williams*, 2021 U.S. Dist. LEXIS 170057, at *8-9 (S.D.S.C. September 8, 2021); *Oppenheimer v. Episcopal Communicators, Inc.*, 2020 U.S. Dist. LEXIS 146398, at *22 (W.D.N.C. August 14, 2020); and *Oppenheimer v. Holt*, 2015 U.S. Dist. LEXIS 58207, at *2 (W.D.N.C. May 4, 2015).

In *Oppenheimer v. Williams*, Oppenheimer, described as a "seem[ingly] professional litigant" brought suit against the owner/operators of a small private marina for use of an aerial photograph he held the copyright to. 2021 U.S. Dist. LEXIS 170057, at *2 (S.D.S.C. September 8, 2021). Again, Oppenheimer asserted claims under the Copyright Act and the DMCA. *Id.* After the parties exchanged discovery, defendants' brought a motion to compel "documents and information concerning Oppenheimer's litigation history as well as his earnings from his photography business." *Id.* The Court in *Williams* discussed the relevance of the

defendants' request in the backdrop of a litigant's status as a frequent copyright claimant. The Court concluded that: "there can be no doubt that the income Oppenheimer has derived from previous copyright claims and the income he has earned from his photography business are relevant to this lawsuit. In determining an appropriate award of damages in a copyright infringement lawsuit, courts routinely consider the extent to which the plaintiff has engaged in 'copyright trolling.'" *Id.* at *6; *Oppenheimer v. Griffin*, 2019 U.S. Dist. LEXIS 222849, 2019 WL 7373784, at *7 (W.D.N.C. Dec. 31, 2019), *appeal dismissed*, 2020 U.S. App. LEXIS 9919, 2020 WL 4365337 (4th Cir. Mar. 23, 2020).

In *Oppenheimer v. Episcopal Communicators, Inc.*, this Court weighed Oppenheimer's vagueness, ambiguousness, relevance and overbroad objections to similar requests concerning his licensing, settlements, and photography revenues. 2020 U.S. Dist. LEXIS 146398, at *7-8 (August 14, 2020). This Court also examined Oppenheimer's equal access, confidentiality, privilege, and business information objections. *Id.* at *9-*14. This Court overruled these objections by concluding that Oppenheimer's "photography revenue, prior copyright assertions, and prior copyright infringement lawsuits are relevant to the statutory damages at issue in this matter." *Id.*

The requests made by HFCC are the same as in *Williams* and *Episcopal*, thus, this Court should grant HFCC's Motion and issue an Order compelling full and complete responses.

**II. Any Confidentiality Agreements in Prior Settlements do not Preclude Production.**

Plaintiff may contend that some of the prior settlement agreements contain confidentiality clauses, which precludes them from production. However, this argument was also raised and rejected by the Court in *Oppenheimer v. Episcopal Communicators, Inc*. The Court noted that confidentiality clauses in settlement agreements do not bar their disclosure and that a protective order in place would protect the confidentiality of the agreement. *Id.,* 2020 U.S. Dist. LEXIS 146398, at *22 (W.D.N.C. August 14, 2020).

In the present matter, the Court has already entered a protective order by which the settlement agreements could be produced and remain confidential. Defendant, therefore, requests that this Court order Plaintiff to comply with the discovery requests and provide full and complete responses, including the prior settlement agreements which would be protected by the protective order in place.

**III. Plaintiff's Tax Returns are Relevant and Should be Produced.**

Defendant has requested production of Plaintiff's personal and business tax returns for the years 2016 to the present. (RPD 14, 15, **Exhibit A, p. 20-21**). Plaintiff objected to the requests citing qualified privilege limiting the disclosure to tax

7

returns. Plaintiff also objected again based on relevancy, overly burdensome and overboard. These objections as well are without merit, and Plaintiff should be ordered to comply with the requests.

Federal law recognizes a qualified privilege as to the disclosure of tax returns. *Interstate Farrow Fabrics, Inc. v. Century USA, Inc.*, 2004 WL 444570, at *2 (M.D.N.C. 24 Feb. 2004). Tax returns are discoverable if they are relevant and the information is not available from other sources. *Id*. The party seeking production has the initial burden of proof showing relevance. Once done, the burden then shifts to the party opposing production. *Id*.

In the present case, the Plaintiff's tax returns contain relevant information. Plaintiff alleges in his Amended Complaint, paragraph 16 that he has "suffered and will continue to suffer damages, irreparable injury to his business, reputation, and goodwill." In response to Interrogatory 6 asking Plaintiff to identify these damages, the Plaintiff stated that he expected to seek actual damages. Further, Plaintiff stated that "[r]ather than time spent creating additional works and licensing his library of images, Plaintiff has needed to spend to time and effort dealing with the infringement of his works." [Plaintiff's Response to Interrog. 7**, Exhibit A, p. 5**].

Plaintiff's tax returns are relevant in several ways. First, the returns are relevant as to whether Plaintiff suffered any actual damages. The tax returns would show income from his actual work for the years prior to the alleged infringement

and then whether there is has been any decrease thereafter. Second, the tax returns would show whether Oppenheimer derives the majority of his income from photography rather than litigation. This is relevant to Defendant's contention that Oppenheimer is a copyright troll.

Once relevance has been shown, Plaintiff then must show that the information can be derived from other sources. Plaintiff has objected to providing any business records showing yearly income or sources of such income. No other documents providing this breakdown of information has been provided. Therefore, Plaintiff should be ordered to produce the tax returns for 2016 to the present.

### IV. Defendant Complied with Local Rule 7.1 by Trying to Resolve the Discovery Dispute Prior to Filing the Motion.

Defendant attempted to resolve this dispute with Plaintiff before filing this Motion. Defendant's counsel made a good faith effort to confer with Plaintiff's counsel prior to filing the present Motion through a deficiency letter sent on September 19, 2024. Defendant's letter provided Plaintiff's counsel with ten (10) days to supplement or otherwise respond to Defendant's letter. Plaintiff responded via phone call, but refused to provide the full and complete responses. The parties participated in another call on October 9, 2024 to discuss the discovery issues. During this call it was made clear that Plaintiff would not produce any tax returns nor complete responses to discovery. Plaintiff did offer to provide his affidavit in lieu of the documents, however, this would require Defendant to rely on the

truthfulness of an opposing party rather than the actual documents. This was not acceptable to the Defendant and the motion was subsequently filed.

Furthermore, Defendant was unable to timely designate an expert to provide explanation of the financial data as the deadline for disclosure has passed and the financial records not provided. Due to the upcoming deadlines, Defendant appropriately seeks relief from this Court. Any further delay would result in more prejudice to Defendant.

## V. Defendant Requests Costs and Attorney Fees Associated with This Motion.

Pursuant to Rule 37(a)(5), Defendant respectfully requests that this Court award Defendant its reasonable expenses and attorneys' fees associated in making this Motion. Defendant filed this Motion after making a good-faith attempt to identify discovery issues with Plaintiff and to reach a resolution. Further, based upon the prior precedent cited above, which was also included in Defendant's deficiency letter, Plaintiff knew the objections made to Defendant's requests were meritless. Should the Court request, Defendant will file the number of hours expended in bringing the motion, the hourly rate charged and the prevailing market rate in the community.

## **CONCLUSION**

Defendant respectfully requests that this Court enter an Order compelling Plaintiff to fully respond to Defendant's discovery requests and provide the

10

Case 1:24-cv-00133-MR    Document 25    Filed 10/10/24    Page 10 of 14

requested documents.  Additionally, Defendant requests this Court enter an Order granting Defendant its reasonable costs and attorneys' fees incurred in association with the filing of this Motion.

This the 10th day of October, 2024.

>PETTEY & PARTRICK, LLP
>
>By: /s/ Rodney E. Pettey
>RODNEY E. PETTEY
>rpettey@rpsplaw.com
>N.C. State Bar No.: 17715
>JONATHAN P. WRIGHT
>jwright@rpsplaw.com
>N.C. State Bar No.: 61178
>4800 Falls of Neuse Road, Suite 160
>Raleigh, North Carolina 27609
>Tel: (919) 719-6019/(919) 719-6025
>Fax: (919) 835-0910
>*Attorneys for Defendant*

# ARTIFICIAL INTELLIGENCE CERTIFICATION

The undersigned attorneys certify that no artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard online legal research tools such as Westlaw, Lexis, FastCase and Bloomberg. That every statement and every citation to an authority contained in this document has been checked by an attorney in this case and/or paralegal working at his direction as to the accuracy of the proposition for which it is offered and the citation to authority provided.

This the 10th day of October, 2024.

        PETTEY & PARTRICK, LLP

By: /s/ Rodney E. Pettey
    RODNEY E. PETTEY
    rpettey@rpsplaw.com
    N.C. State Bar No.: 17715
    JONATHAN P. WRIGHT
    jwright@rpsplaw.com
    N.C. State Bar No.: 61178
    4800 Falls of Neuse Road, Suite 160
    Raleigh, North Carolina 27609
    Tel: (919) 719-6019/(919) 719-6025
    Fax: (919) 835-0910
    *Attorneys for Defendant*

## LCvR7.1 CERTIFICATION

Pursuant to LcvR 7.1(d), I hereby certify that the foregoing **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT HIGHLAND FALLS COUNTRY CLUB'S MOTION TO COMPEL AGAINST PLAINTIFF** excluding the caption, signature lines, this certification, AI certification and the certificate of service complies with LcvR 7.1. and Judge's Standing Order.

This the 10th day of October, 2024.

        PETTEY & PARTRICK, LLP

By: /s/ Rodney E. Pettey
RODNEY E. PETTEY
rpettey@rpsplaw.com
N.C. State Bar No.: 17715
JONATHAN P. WRIGHT
jwright@rpsplaw.com
N.C. State Bar No.: 61178
4800 Falls of Neuse Road, Suite 160
Raleigh, North Carolina 27609
Tel: (919) 719-6019/(919) 719-6025
Fax: (919) 835-0910
*Attorneys for Defendant*

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL ACTION NO.: 1:24-cv-00133-MR

| | |
|---|---|
| DAVID GORDON OPPENHEIMER, ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> HIGHLAND FALLS COUNTRY CLUB, ) <br> INC., ) <br> ) <br> Defendant. ) | **CERTIFICATE OF SERVICE** |

    I hereby certify that on October 10, 2024, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participants: Dana A. LeJune (dlejune@triallawyers.net), Evan Andersen evan.andersen@sriplaw.com and I hereby certify that I have mailed the document to the following non-CM/ECF participants: NONE.

    Respectfully submitted,

                             PETTEY & PARTRICK, LLP

                By:   /s/ Rodney E. Pettey
                         RODNEY E. PETTEY
                         rpettey@rpsplaw.com
                         N.C. State Bar No.: 17715
                         JONATHAN P. WRIGHT
                         jwright@rpsplaw.com
                         N.C. State Bar No.: 61178
                         4800 Falls of Neuse Road, Suite 160
                         Raleigh, North Carolina 27609
                         Tel:  (919) 719-6019/(919) 719-6025
                         Fax:  (919) 835-0910
                         *Attorneys for Defendant*