THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CASE NO. 1:24-cv-00133-MR

DAVID GORDON OPPENHEIMER,  )
                           )
            Plaintiff,     )
                           )
       vs.                 )
                           )         **ORDER**
                           )
HIGHLAND FALLS COUNTRY CLUB, )
INC.,                      )
                           )
            Defendant.     )
_____)

**THIS MATTER** is before the Court on the Defendant's Motion to Dismiss [Doc. 13] and the Plaintiff's Motion for Leave to File Sur-Reply [Doc. 20].

**I.    PROCEDURAL BACKGROUND**

On April 20, 2024, the Plaintiff David Gordon Oppenheimer (the "Plaintiff") filed a Complaint against the Defendant Highland Falls Country Club, Inc. (the "Defendant"). [Doc. 1 at 1]. On June 4, 2024, the Plaintiff filed an Amended Complaint, which asserted claims for copyright infringement under the Copyright Act and the Digital Millennium Copyright Act (the "DMCA"). [Doc. 9 at 5–8]. On June 14, 2024, the Defendant filed

an Answer to the Amended Complaint. [Doc. 11]. On June 27, 2024, the Defendant filed a Motion to Dismiss the Plaintiff's DMCA claim, arguing that the DMCA does not pertain to physical copies of copyrighted works and thus, has no application to the Defendant's use of the Plaintiff's work in its printed brochures. [Doc. 13]. On July 26, 2024, the Plaintiff filed a Response to the Defendant's Motion to Dismiss. [Doc. 17]. On August 2, 2024, the Defendant filed a Reply to the Plaintiff's Response. [Doc. 18]. On August 9, 2024, the Plaintiff filed a Motion for Leave to File Sur-Reply. [Doc. 20]. This matter is now ripe for disposition.

## II. STANDARD OF REVIEW

### A. Motion to Dismiss

To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). To be "plausible on its face," a plaintiff must demonstrate more than "a sheer possibility that a defendant has acted unlawfully." Id.

In reviewing the Complaint, the Court must accept the truthfulness of all factual allegations but is not required to assume the truth of "bare legal conclusions." Aziz v. Alcolac, Inc., 658 F.3d 388, 391 (4th Cir. 2011). "The

2

mere recital of elements of a cause of action, supported only by conclusory statements, is not sufficient to survive a motion made pursuant to Rule 12(b)(6)." Walters v. McMahen, 684 F.3d 435, 439 (4th Cir. 2012); see also Twombly, 550 U.S. at 555 (stating that a complaint containing mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do").

Determining whether a complaint states a plausible claim for relief is "a context-specific task," Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009), which requires the Court to assess whether the factual allegations of the complaint are sufficient "to raise the right to relief above the speculative level," Twombly, 550 U.S. at 555. As the Fourth Circuit has explained:

> To satisfy this standard, a plaintiff need not forecast evidence sufficient to prove the elements of the claim. However, the complaint must allege sufficient facts to establish those elements. Thus, while a plaintiff does not need to demonstrate in a complaint that the right to relief is probable, the complaint must advance the plaintiff's claim across the line from conceivable to plausible.

Walters, 684 F.3d at 439 (citations and internal quotation marks omitted).

### B. Motion for Leave to File Sur-Reply

"Surreplies are neither anticipated nor allowed . . . but leave of Court may be sought to file a surreply when warranted." LCrR 7.1(e).

3

"Parties do not have the right to file a surreply." DiPaulo v. Potter, 733 F. Supp. 2d 666, 670 (M.D.N.C. 2010). Rather, a sur-reply is warranted "only when fairness dictates." Id.

## III. FACTUAL BACKGROUND

The following is a summary of the well-pleaded factual allegations in the Plaintiff's Amended Complaint, which are taken as true for the purpose of considering the Defendant's Motion to Dismiss.

The Plaintiff, who is a professional photographer, owns a copyright to the photograph at issue in this case (the "Work"). [Doc. 9 at ¶ 4]. The Plaintiff's "copyright management information" is "© 2013 David Oppenheimer," which appears in the bottom right-hand corner of the Work. [Doc. 9-1]. The Defendant operates a country club and used the Work to advertise its country club through a website and a brochure. [Doc. 9 at ¶¶ 6, 10]. Concerning its brochure, the Defendant removed the Plaintiff's copyright management information from the Work and printed the Work "on as many as 250 brochures (an unknown number of) which were then 'handed-out.'" [Id. at ¶ 11]. The Plaintiff asserts that the Defendant violated the DMCA each time it printed the Work on a brochure, and the Plaintiff seeks damages for each asserted violation. [Id. at ¶¶ 23–28].

## IV. DISCUSSION

### A. Motion to Dismiss

Congress passed the DMCA to, among other things, "preserve copyright enforcement on the Internet." ALS Scan, Inc. v. RemarQ Communities, Inc., 239 F.3d 619, 625 (4th Cir. 2001). Accordingly, Congress drafted the DMCA to permit "[a]ny person injured by a violation of section 1201 or 1202 [to] bring a civil action in an appropriate United States district court for such violation." 17 U.S.C. § 1203(a). Subsection 1202(b) states, in pertinent part, as follows:

> No person shall, without the authority of the copyright owner or the law—
>
> (1) intentionally remove or alter any copyright management information,
>
> (2) distribute or import for distribution copyright management information knowing that the copyright management information has been removed or altered without authority of the copyright owner or the law, or
>
> (3) distribute, import for distribution, or publicly perform works, copies of works, or phonorecords, knowing that copyright management information has been removed or altered without authority of the copyright owner or the law . . . .

Id. § 1202(b). "Copyright management information," or "CMI," means "information conveyed in connection with copies or phonorecords of a work

or performances or displays of a work, including in digital form." Id. § 1202(c). CMI includes "[t]he name of, and other identifying information about, the copyright owner of the work, including the information set forth in a notice of copyright." Id. § 1202(c)(3).

The question presented by the Defendant's Motion to Dismiss is whether § 1202(b) of the DMCA pertains to physical (as opposed to purely digital) copies of copyrighted work. [Doc. 13 at 1–3; Doc. 17 at 6].

In statutory interpretation, the Court "begin[s] with the language of the statute." Barnhart v. Sigmon Coal Co., 534 U.S. 438, 450 (2002). "The inquiry ceases 'if the statutory language is unambiguous and 'the statutory scheme is coherent and consistent.'" Id. (quoting Robinson v. Shell Oil Co., 519 U.S. 337, 340 (1997)). Statutory definitions control a defined word's meaning. Meese v. Keene, 481 U.S. 465, 484 (1987) (citing Colautti v. Franklin, 439 U.S. 379, 392 (1979)).

It is undisputed that the Plaintiff states a claim for violation of § 1202(b)(1), in that it is asserted that the Defendant caused the digital CMI to be removed from the Work. The question is whether the Plaintiff also has stated a claim for violation of § 1202(b)(3) for producing *physical* copies of the Work after removing the CMI.

This question is answered by the plain language of subsection (b)(3) itself. It is a violation to "distribute . . . copies of works . . . knowing that [CMI] has been removed." [Id.]. In its argument, the Defendant seeks to import into subsection (b)(3) a word that is not present: "digital." By its terms, subsection (b)(3) is not limited to digital copies. The Copyright Act defines the term "copies" as

> material objects, other than phonorecords, in which a work is fixed by any method now known or later developed, and from which the work can be perceived, reproduced, or otherwise communicated, either directly or with the aid of a machine or device. The term "copies" includes the material object, other than a phonorecord, in which the work is first fixed.

Id. The DMCA did not amend § 101's definition of copies. See id.; Digital Millennium Copyright Act § 102, 112 Stat. at 2861–63.

The Defendant reaches to a different subsection, § 1202(c), in its quest to import a digital requirement into subsection (b)(3). The definition of CMI in § 1202(c), however, *includes* digital CMI. It does not *exclude* physical or printed CMI. Moreover, nothing in either subsection (c) or subsection (b)(3) implies that such limitation be imported into subsection (b)(3).[1]

---

[1] There is support for the proposition that there must be some "digital nexus" for the DMCA to apply. See Textile Secrets Int'l, Inc. v. Ya-Ya Brand Inc., 524 F.Supp.2d 1184, 1201-02 (C.D. Cal. 2007); IQ Group, Ltd. v. Wiesner Pub., LLC, 409 F.Supp.2d 587, 593 (D.N.J. 2006). To the extent that such is a requirement, it is clearly met here, as the Plaintiff alleges that the *digital* CMI was *digitally* removed by the Defendant.

The Plaintiff has alleged that the Defendant distributed copies of the Work after knowingly removing the digital CMI from the Work. The fact that the copies are physical is immaterial. The Plaintiff has stated a claim for a violation of § 1202(b)(3).

The plain language of § 1202(b) does not limit its application to digital copies of copyrighted works. See 17 U.S.C. § 1202(b). Moreover, the inclusion clause in § 1202(c) does not limit copies of copyrighted works to those in digital form. See id. § 1202(c). Rather, § 1202(c)'s inclusion clause simply illustrates that a digital copy is an example of a copy. See id.; Fed. Land Bank of St. Paul v. Bismarck Lumber Co., 314 U.S. 95, 100 (1941) (stating that the term "including" generally "connotes simply an illustrative application of the general principle"). Like the rest of Title 17, § 101's definition of copies controls. See Meese, 481 U.S. at 484; 17 U.S.C. § 101. Therefore, § 1202(b) of the DMCA can apply to physical copies of copyrighted works. See 17 U.S.C. § 1202(b). Accordingly, the Defendant's Motion to Dismiss the Plaintiff's DMCA claims is denied. [2]

---

[2] It is unclear whether the Plaintiff seeks to assert a separate (b)(3) claim for *each* physical copy of the work or a single (b)(3) claim. That issue is not presently before the Court. The question is whether the Plaintiff has stated a claim pursuant to 1202(b)(3), not the number of such claims.

### B. Motion for Leave to File Sur-Reply

In his Motion for Leave to File Sur-Reply, the Plaintiff asserts that the Defendant offered new arguments in its Reply to the Plaintiff's Response, and the Defendant's "new arguments all deserve rebuttal." [Doc. 20 at 4]. As the Court has denied the Defendant's Motion to Dismiss based on the present briefing, any sur-reply by the Plaintiff would be moot and is unwarranted. See LCrR 7.1(e). Therefore, the Court denies the Plaintiff's Motion for Leave to File Sur-Reply. See DiPaulo, 733 F. Supp. 2d at 670.

## V. CONCLUSION

The Court concludes that § 1202(b) of the DMCA can apply to physical copies of copyrighted works. See 17 U.S.C. § 1202(b). Thus, accepting the Plaintiff's factual allegations as true, the Court concludes that the Plaintiff has stated an actionable claim under the DMCA. See Iqbal, 556 U.S. at 678. The Court also concludes that a sur-reply by the Plaintiff would be moot and is therefore unwarranted. See LCrR 7.1(e). Accordingly, the Court denies both the Defendant's Motion to Dismiss and the Plaintiff's Motion for Leave to File Sur-Reply.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion to Dismiss [Doc. 13] and the Plaintiff's Motion for Leave to File Sur-Reply [Doc. 20] are both **DENIED**.

**IT IS SO ORDERED.**

Signed: November 4, 2024

Martin Reidinger
Chief United States District Judge